[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION AND CLARIFICATION
ARREARS
After reviewing this court's Memorandum of Decision dated June 4, 1998, the court, suo moto, vacated its order of July 20, 1998 given at short calendar. The parties have misinterpreted the wording which perhaps was not as clear as it should have been.
The paragraph on arrearage on page 12 of the memorandum refers only to the disputed amount of $1900 towards which the plaintiff is to receive a credit of $960. CT Page 7878
The parties previously agreed to an arrearage of $1825.67. This arrearage of $1825.67 is to be paid from the plaintiff's net proceeds from the sale of the marital home. In addition, the plaintiff will pay the sum of $1900 less a credit of $960 from his net proceeds from the sale of the marital home with respect to the disputed arrears.
HOME EQUITY LOAN
The defendant wife shall be responsible for the home equity loan payments commencing June 1, 1998 until such time as the property is sold. Any balance due in the home equity loan shall be deducted from the gross as set forth in paragraph A(2), page 17 of the Memorandum of Decision. There is no change in the distribution of the net proceeds.
The pendente lite orders remain in effect until June 1, 1998.
EARNING CAPACITY
The court considered all the relevant statutory criteria in setting an alimony award of $1650 per month commencing June 1, 1998.
It was not the court's intent that upon the sale of the marital home and the plaintiff's obligation to contribute one-half of the first mortgage terminates that this event would trigger a substantial change in circumstances to warrant an upward modification of the periodic alimony award.
The court noted in its Memorandum of Decision that the defendant presently receives as income, Social Security disability of $1385 per month which will increase yearly based on the cost of living index.
The amount of the award of periodic alimony was based on the plaintiff's expertise and past income with respect to computers and, based on the evidence presented, the plaintiff has an earning capacity in excess of $1500 per year as stated on his financial affidavit. The award of $1650 per month periodic alimony is based on the plaintiff's ability to earn in the range of $75,000 gross per year.
Coppeto, J. CT Page 7879